UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RAPHAEL BOURGEOIS, &**            **CIVIL CASE NO.: 2:22-CV-166**
**CHELCIE BOURGEOIS**

**VERSUS**

**FEDNAT INSURANCE COMPANY**          **SECTION:**_____

**COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES**

NOW INTO COURT through undersigned counsel comes RAPHAEL AND CHELCIE BOURGEOIS ("Plaintiffs"), who respectfully represents:

1.

Made Defendant herein:

FEDNAT INSURANCE COMPANY ("Fednat"), a foreign insurance corporation authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana, 70809.

**JURISDICTIONAL ALLEGATIONS**

2.

The Court has diversity jurisdiction over this matter in accordance with 28 U.S.C. § 1332.

3.

The Plaintiffs are citizens of the State of Louisiana. On information and belief, Fednat is a corporation formed and headquartered in the State of Florida. Complete diversity between the parties exists.

4.

The amount in controversy exceeds $75,000.00.

5.

Fednat issued the policy of insurance upon which this suit is based to the Plaintiffs, insuring their property located at 414 Woodfield Blvd. Houma, LA 70364. This Court has personal jurisdiction over Fednat.

## CAUSES OF ACTION

6.

Fednat insured the Plaintiffs under Policy No. FNL 089400005, which was in full force and effect on August 29, 2021 and September 14, 2021.

7.

The Plaintiffs' home suffered damage as a result of Hurricane Ida on August 29, 2021, and Hurricane Nicholas on September 14, 2021.

8.

On or about September 27, 2021, Fednat adjusted the Plaintiffs' damages from Hurricane Ida, determined that those damages totaled $37,173.63 after accounting for the Plaintiffs' deductible and depreciation. This estimate did not, however, account for the total damage to the Plaintiffs' insured property.

9.

Plaintiffs obtained estimates for both their Hurricane Ida claim and their Hurricane Nicholas claim from GLS & Associates (GLS). These estimates included dwelling repair, other structure repair, los of use, code and ordinance, debris removal and landscaping in the total amount of $286,132.58. Fednat received this estimate via Fedex on December 20, 2021. To date, there has been no response or communication whatsoever from Fednat.

10.

These estimates were conveyed to Fednat. Fednat had satisfactory proof of loss upon its initial inspections of the premises, yet it unreasonably withheld an accurate and defensible accounting of the full extent of the damages caused by the storms. Meanwhile, Plaintiffs await sufficient funds from Fednat to repair their home to its pre-storm condition, their home continues to deteriorate each and every day, while the costs of labor and materials have increased sharply.

11.

Fednat's adjustment was unreasonably low, was unrealistic, and gave the Plaintiffs no opportunity to repair their hurricane damaged home to its pre-storm condition.

12.

La. R.S. 22:1892 states an insurer "shall pay the amount of any claim due any insured within thirty (30) days after receipt of satisfactory proofs of loss from the insured." The estimates from GLS proving Plaintiffs' damages were conveyed to Fednat immediately upon their receipt by the Plaintiffs, thereby providing satisfactory proof of loss.

13.

Additionally, La. R.S. 22:1973 states that "failing to pay the amount of any claim due any person by the contract within sixty (60) days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" constitutes a breach of the insurer's duty of good faith and fair dealing. Fednat has violated both of these statutory obligations and duties in its dealings with the Plaintiffs. Fednat has failed to pay amounts due to its insured within thirty (30) days after receipt of satisfactory proof of loss of the claim, thus making Fednat liable to the Plaintiffs for penalties, attorney's fees, and costs under La. R.S. 22:1892.

14.

La. R.S. 22:1973 identifies certain acts which constitute a breach of the insurer's general duty of good faith and fair dealing to the insured. An insurer like Fednat tis prohibited from "misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue." Fednat has misrepresented pertinent facts and insurance policy provisions in its dealings with the Plaintiffs by representing that the original estimate was a fair estimate of the damages and by withholding an accurate and defensible accounting of the full extent of the Plaintiffs' storm damages. Fednat had satisfactory proof of loss upon its initial inspections of the premises, yet unreasonably withheld an accurate and defensible accounting of the full extent of the damages caused by the storms.

15.

Fednat's failure to fairly and promptly adjust the full extent of the Plaintiffs' claim has caused them to suffer contractual and extra-contractual damages including but not limited to the additional deterioration to their home that has occurred while waiting for Fednat to fairly pay their insurance claims, along with the grief, mental anguish, and worry over the uncertainty of whether they would have the funds necessary to repair their hurricane-damaged home to its pre-storm condition. As a result of those and other associated damages caused by Fednat's dilatory tactics and delays, the Plaintiffs are also owed attorney's fees and costs.

16.

Fednat knew or should have known that its failure to timely pay the Plaintiffs' insurance claim prevented them from living in and repairing their home, and it should have known that its failure to pay the Plaintiffs' claim would cause them grief, mental anguish, and worry.

17.

WHEREFORE, RAPHAEL AND CHELCIE BOURGEOIS prays that there be judgment in their favor against FEDNAT INSURANCE COMPANY as follows:

(1)   Finding Fednat liable to the Plaintiffs for statutory penalties, contractual and extra-contractual damages, attorney's fees, and costs under La. R.S. 22:1892 and/or 22:1973, and awarding her the same;

(2)   Awarding the Plaintiffs general damages caused by Fednat's breach of its duty of good faith and fair dealing;

(3)   For specific damages and general damages, including but not limited to diminution in value, penalties and attorney's fees, all costs of these proceedings, and interest from date of judicial demand until paid; and

(4)   For any and all other relief that is justified under law and equity.

Respectfully submitted,
DEJEAN & NOLAND LAW OFFICE, LLC

/s/ Erik R. Noland
Erik R. Noland (#37245)
FELIX "ANDY" DEJEAN IV (#25028)
604 St Ferdinand St.
Baton Rouge, LA 70802
(225) 344-2639 - Telephone
(225) 346-5252 - Facsimile
*Attorneys for Raphael and Chelcie Bourgeois*

**SERVICE INSTRUCTIONS:**

**Fednat Insurance Company**
Through its Agent for Service of Process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809